UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------x
MARK OLIVER, as the Administrator
Ad Prosequendum of the Estate of
RANDRINA OLIVER, Deceased, and
MARK OLIVER, Individually                                         COMPLAINT

                         Plaintiffs                    Docket No.:

        -against-
                                             CIVIL ACTION

ETHAN TARASOV, RADIOLOGY
AFFILIATES IMAGING, UNITED
STATES OF AMERICA, JOHN/JANE
DOE PHYSICIANS #1-10 and JOHN/JANE
DOE HEALTH CARE PROVIDERS #1-10

                        Defendant
-----------------------------------------------------------x

Plaintiff by his attorney, SIMONSON HESS LEIBOWITZ & GOODMAN, P.C.,

complaining of the Defendant, alleges upon information and belief as follows:

### JURISDICTION/VENUE/PROCEDURE

1. This action arises under the Federal Tort Claims act, 28 U.S.C. §1346 (b) and §2671 et.

seq. with ancillary state law claims.   Jurisdiction is based upon §1331 and 1367.

2. Venue is proper in the United States for the District of New Jersey pursuant to 28 U.S.C.

§1402 (b) as the judicial district were the acts or omissions complained of herein occurred.

3. On August 27, 2012, an SF-95 Claim for Damage, Injury of Death was served upon the

United State Department of Health and Human Services, a federal agency of the United States, at

its offices located at 330 Independence Avenue, SW, Washington, DC 20201 on behalf of Randrina

Oliver.

1

4. More than six months have elapsed since presentation of said Claims and no adjustment, payment or final determination has been made.

## FIRST CAUSE OF ACTION

5. Plaintiff, MARK OLIVER, is the son of decedent, Randrina Oliver, and resides at 270 Bellevue Avenue, Apt. 1, Trenton, New Jersey 08618.

6. On January 17, 2013, Letters of Administration Ad Prosequendum were issued by the Surrogate's Court of the County of Mercer, State of New Jersey, to the plaintiff, MARK OLIVER, as Administrator Ad Prosequendum of the Estate of RANDRINA OLIVER, deceased.

7. That at all times mentioned herein, KAMAL PURI, MD, and other physicians whose identities are not currently known, were health care professionals practicing medicine at Henry J. Austin Health Center, a federally funded health care center located at 321 North Warren Street, Trenton, New Jersey 08618, who provided medical care and treatment to patients.

8. That at all times mentioned herein, KAMAL PURI, MD and other physicians whose identities are not currently known are deemed federal employees for purposes of the Federal Tort Claims Act.

9. That at all times mentioned herein, defendant, UNITED STATES OF AMERICA, owned, operated, conducted, managed, controlled, maintained and staffed a health care facility known as Henry J. Austin Health Center, located at 321 North Warren Street, Trenton, New Jersey 08618, which provided medical care and treatment to patients.

10. Commencing in or about October 2007 through in or about April 2010, plaintiff's decedent was a patient at Henry J. Austin Health Center.

11. At all times herein mentioned, defendant, UNITED STATES OF AMERICA, its agents,

2

servants and/or employees rendered medical care and treatment to the plaintiff's decedent, RANDRINA OLIVER, at the Henry J. Austin Health Center.

12. At all times herein mentioned, health care professionals and physicians whose identities are currently unknown, its agents, servants and/or employees rendered medical care and treatment to the plaintiff's decedent, RANDRINA OLIVER, at the Henry J. Austin Health Center

13. At all times herein mentioned, defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees owed a duty to care for and treat plaintiff's decedent, RANDRINA OLIVER, in accordance with good and accepted community standards.

14. Defendant, RADIOLOGY AFFILIATES IMAGING, is a domestic professional corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at 3120 Princeton Pike, Lawrenceville, New Jersey.

15. Defendant, RADIOLOGY AFFILIATES IMAGING, is a corporation duly organized and existing under the law of the State of New Jersey, having its principal place of business at 3120 Princeton Pike, Lawrenceville, New Jersey.

16. Defendant, RADIOLOGY AFFILIATES IMAGING, operated, conducted, managed, controlled and maintained health care centers providing medical care and treatment to patients.

17. Defendant, RADIOLOGY AFFILIATES IMAGING, provided radiological services to patients.

18. Defendant, RADIOLOGY AFFILIATES IMAGING, is a partnership.

19. Defendant, RADIOLOGY AFFILIATES IMAGING, managed, operated and controlled a professional corporation for physicians.

20. Defendant, ETHAN TARASOV, was and still is a physician duly licensed to practice

3

medicine in the State of New Jersey and maintains offices at 1255 Whitehorse-Mercerville Road, Suite 514, Hamilton, New Jersey and 601 Hamilton Avenue, Trenton, New Jersey.

21.  Defendant, ETHAN TARASOV, specialized in the field of radiology.

22.  Defendant, ETHAN TARASOV, held himself out to the public and more particularly to the plaintiffs as possessing the proper degree of learning and skill, and that he undertook to use reasonable care and diligence in the treatment of the plaintiff's decedent, RANDRINA OLIVER.

23.  Defendant, ETHAN TARASOV, was associated with the defendant, RADIOLOGY AFFILIATES IMAGING.

24.  Defendant, ETHAN TARASOV, was on the staff of the defendant, RADIOLOGY AFFILIATES IMAGING.

25.  Defendant, ETHAN TARASOV, was a shareholder of the defendant, RADIOLOGY AFFILIATES IMAGING.

26. Defendant, ETHAN TARASOV, was a partner in the defendant, RADIOLOGY AFFILIATES IMAGING.

27.  Defendant, ETHAN TARASOV, was acting as the agent of the defendant, RADIOLOGY AFFILIATES IMAGING.

28. Defendant, ETHAN TARASOV, was an employee of the defendant, RADIOLOGY AFFILIATES IMAGING.

29.  Defendant, ETHAN TARASOV, was acting within the course and scope of his employment with the defendant, RADIOLOGY AFFILIATES IMAGING.

30. That on or about August, 10, 2007, and continuing thereafter, defendant, ETHAN TARASOV, rendered radiological interpretation services to plaintiff's decedent, RANDRINA

4

OLIVER.

31. That on or about August 10, 2007, and continuing thereafter, defendant, RADIOLOGY AFFILIATES IMAGING, by its agents, servants and/or employees, rendered radiological interpretation services to plaintiff's decedent, RANDRINA OLIVER.

32. At all times herein mentioned, defendant, RADIOLOGY AFFILIATES IMAGING, its agents, servants and/or employees rendered medical care and treatment to the plaintiff's decedent, RANDRINA OLIVER at St. Francis Medical Center, 601 Hamilton Avenue, Trenton, New Jersey.

33. At all times herein mentioned, defendant, ETHAN TARASOV, rendered medical care and treatment to the plaintiff's decedent, RANDRINA OLIVER, at St. Francis Medical Center, 601 Hamilton Avenue, Trenton, New Jersey.

34. At all times herein mentioned, defendant, RADIOLOGY AFFILIATES IMAGING, its agents, servants and/or employees owed a duty to care for and treat plaintiff's decedent, RANDRINA OLIVER, in accordance with good and accepted community standards.

35. At all times herein mentioned, defendant, ETHAN TARASOV, its agents, servants and/or employees owed a duty to care for and treat plaintiff's decedent, RANDRINA OLIVER, in accordance with good and accepted community standards.

36. Commencing in early 2007 through in or about April 2010, plaintiff's decedent was a patient at Henry J. Austin Health Center.

37. On July 23, 2007, decedent underwent a CT scan of the abdomen/pelvis at St. Francis Medical Center secondary to abdominal pain, wherein an incidental finding of a lung nodule was discovered and a dedicated CT scan of the chest recommended.

38. August 9, 2007, decedent received medical care and treatment from KAMAL PURI, MD

5

at the Henry J. Austin Health Center, in follow-up to this incidental lung finding. Decedent was referred for a CT scan of the chest.

39. On August 10, 2007, decedent underwent a CT scan of the chest at St. Francis Medical Center. The radiologist who interpreted the CT scan was defendant, ETHAN TARASOV, an employee and/or agent of defendant, RADIOLOGY AFFILIATES IMAGING.

40. The defendants, ETHAN TARASOV and RADIOLOGY AFFILIATES IMAGING, were negligent in the radiological care and treatment rendered in the interpretations of, and recommendations following, the CT scan of August 10, 2007. The decedent was not advised of any abnormal findings.

41. On March 9, 2009, decedent received medical care and treatment from KAMAL PURI, MD at the Henry J. Austin Health Center, for management of hypertension. The defendant, UNITED STATES OF AMERICA, by it's agent, KAMAL PURI, MD, was negligent in the care and treatment rendered to the decedent prior to, during and following this visit by failing to properly work up the abnormal lung finding identified during the 2007 CT scans.

42. On January 10, 2012, decedent presented to the Emergency Room at St. Francis Hospital with complaints of a cough. A CT Scan and X-ray of the chest identified a mass in the lung. Subsequent radiology and pathology studies revealed a diagnosis of late stage metastatic lung cancer. The decedent succumbed to her disease on December 6, 2012.

43. At all times herein mentioned, defendants, their agents, servants and/or employees acted within the scope of their employment in the care and treatment of plaintiff's decedent, RANDRINA OLIVER.

44. Defendants, thier agents, servants and/or employees were negligent in the medical care

6

and treatment of plaintiff's decedent, RANDRINA OLIVER, in among other things, in failing to appreciate the significance of and act upon the findings on physical examination, radiological studies, clinical history and laboratory data and in failing to timely and properly diagnose and medically treat plaintiff's decedent condition.

45. As a result of the aforementioned negligent care and treatment, plaintiff's decedent, RANDRINA OLIVER, sustained severe and serious personal injuries and conscious pain and suffering inclusive but not limited to aggravation and exacerbation of lung cancer.

46. As a result of the aforementioned negligent care and treatment, plaintiff's decedent, RANDRINA OLIVER, suffered damages in the amount of ten million dollars.

47. The named and fictitiously named defendants and the named and unnamed health care professionals are jointly and severally liable.

48. The claims against defendants, UNITED STATES OF AMERICA, by it's employee, KAMAL PURI and unnamed health care professionals, arise out of the same case and controversy involving defendants, ETHAN TARASOV and RADIOLOGY AFFILIATES IMAGING.

SECOND CAUSE OF ACTION

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs in this complaint marked as "1" through "48" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

50. On December 6, 2012, plaintiff's decedent, RANDRINA OLIVER, was caused to die.

51. Said death was caused by the negligent and careless treatment rendered by the defendants, their agents, servants and/or employees to the decedent herein.

52. By reason of the death of RANDRINA OLIVER, the decedent's heirs and distributees

7

have been deprived of her services, guidance, inheritance, love and consortium and have been pecuniarily damaged.

53. There is, and there was at the time of the events complained of, in force and effect in the State of New Jersey, a death statute codified as N.J.S.A 2A: 31-1, et seq., and plaintiff brings the second cause of this action pursuant to provisions thereof for the benefit of the next of kin of decedent and within the two year applicable statute of limitations period.

54. As a result of the foregoing, the estate of MARK OLIVER, sustained damages in the sum of Ten Million Dollars.

WHEREFORE, plaintiff demands judgement against the defendants on the First and Second causes of action for damage, interest, and costs of suit.

## REQUEST FOR TRIAL BY JURY

56. Plaintiff request a trial by jury as to all issues.

Respectfully submitted,

s/ Marijo C. Adimey
MARIJO C. ADIMEY (3090)
SIMONSON HESS LEIBOWITZ
& GOODMAN, P.C.
Attorneys for Plaintiff
15 Maiden Lane
New York, New York 10038
(212) 233-5000

8